FILED
SUPERIOR COURT
OF GUAM

2023 FEB -2 PM 4: 22

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0381-21 |
| | ) | |
| | ) | |
| vs. | ) | DECISION AND ORDER DENYING |
| | ) | DEFENDANT'S MOTION AND |
| JOHN RICHARD BORDALLO BELL, | ) | REVOKING PRE-TRIAL RELEASE |
| DOB: 08/15/1977 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.   INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on November 1, 2022 for a Motion Hearing on John Richard Bordallo Bell's (the "Defendant") motion for modification of release conditions (the "Motion"). The Defendant was present along with his counsel William L. Gavras. The People of Guam were represented by Assistant Attorney General Dannis Le. The Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam. After reviewing the parties' briefs, oral arguments, the underlying record, and the applicable case law and statutes, the Court hereby issues the following Decision and Order **DENYING** Defendant's Motion and for the reasons set forth herein **REVOKES** his pretrial release.

## II.   BACKGROUND

On August 17, 2021, Defendant was charged by a Grand Jury with Three (3) counts of Terrorizing (As a 3rd Degree Felony); Three (3) counts of Felonious Restraint (As a 3rd Degree

Felony); Assault (As a Misdemeanor) and Two (2) counts of Assault (As a Misdemeanor). Indictment (Aug. 17, 2021). Magistrate Judge Benjamin Sison granted Defendant pretrial release with several conditions. *See* Order of Conditional Release and Appearance Bond ("OCR") (Aug. 2, 2021). After accumulating *five* violations, the Court granted the People's Motion to revoke Defendant's pretrial release and maintained bail at fifty thousand dollars ($50,000.00). *See* Decision & Order (Feb. 14, 2022). The Court accepted a security interest in real property in lieu of cash and released the Defendant on electronic monitoring ("EM") with certain conditions, including:

> 9. HOUSE ARREST: Defendant is under House Arrest and may not leave the above residence except for court appearances, to meet with defense counsel or Pretrial Services at the Probation Office, to attend: for medical emergency treatment or psychiatric, psychological, or other treatment, including drug and/or alcohol treatment under the care of a licensed mental health or medical treatment provider. Defendant shall inform Probation (EM Program) of such appointment prior to his departure from the residence.

> 12. ALCOHOL/DRUGS: Defendant shall not possess, use, and/or consume any alcoholic beverages, illegal controlled substances or marijuana. Defendant shall submit to random alcohol and/or drug testing at the request of the Pretrial Services in the Probation Office. Failure to submit to such testing will be considered a violation. Probation Officers or the Police are authorized to search Defendant's residence, vehicle, or person for alcoholic beverages, illegal controlled substances or marijuana. Defendant shall not enter any alcohol establishment.

OCR ¶¶ 9, 12 (May 24, 2022).

After a few months, the Defendant filed the instant Motion, seeking "that all restrictions on his movement be removed" or alternatively to "remove all restrictions except for a 8:00 p.m. to 8:00 a.m. curfew, unless such curfew is inconsistent with verifiable employment" or alternatively that "all other restrictions on his freedom remain, [but] Defendant be permitted to search for employment, engage in employment, attend religious services, and be free to attend all medical

appointments, all after first providing Probation the schedule of his travels away from his abode." Def.'s Br. at ¶¶ 8-9 (Aug. 31, 2022). In support, Defendant cited to 8 GCA § 40.20 and how he "has adhered faithfully to his conditions of release, which includes intensive counselling and drug testing." *Id.* at ¶ 6. The People filed an opposition, praying that "[i]n light of the Defendant's numerous past violations, his victims' ongoing fear, and the violent nature of the charges against him, which are set for jury selection and trial in only two months, the Court should deny his motion." People's Br. at 4 (Sept. 6, 2022).

The Court set the issue for oral argument. *See* CR 1.1 Form 3 (Oct. 13, 2022). Mere days before the hearing on his motion, the Defendant tested positive for methamphetamine and probation filed its 6th violation report. *See* 6th Violation Report (Oct. 28, 2022). The Defendant admitted to the violation in a written declaration and at the hearing. *Id*; Hr'g Tr. at 3:19 PM (Nov. 1, 2022). Despite the violation, the Defendant maintained that his "Motion is still valid . . . to continue with his drug treatment but also to secure employment." *Id.* at 3:34 PM. The People persisted in their opposition and prayed for sanctions, though the Court was inclined to consider revocation in light of Defendant's previous numerous violations and the complete disregard for compliance with all conditions merely six months after his second release on Electronic Monitoring and after posting (with much difficulty) a $50,000 security interest in real property. *Id.* at 3:23:10 PM – 3:27:00 PM.

## III. DISCUSSION

"Pursuant to the requirements and limitations set forth in 8 GCA §§ 40.50, 40.60, and 40.75, the Court may modify bail conditions." *People v. Song*, 2011 Guam 19 ¶ 10. Upon the accused's first appearance, "[t]he judge is mandated by law to release the accused under the least

onerous condition or combination of conditions reasonably likely to assure the appearance of the accused as required and to ensure the safety of any other person and the community." *Id.* (citing 8 GCA § 40.20). If the defendant then violates those conditions, the Court is statutorily authorized to impose additional sanctions:

> When a person is brought before the court pursuant to §§ 40.65 or 40.70, or, when after a noticed hearing, the court finds that a person released pursuant to this Chapter has willfully violated the conditions imposed on his release or that a change in circumstances or new evidence shows a need for the imposition of different or additional conditions upon the person's release, the court may order the imposition of such conditions as are reasonably necessary to assure the person's appearance as required *(and his compliance with any conditions imposed pursuant to this Chapter)*.

8 GCA § 40.75(a)(emphasis added).

The Court is also within its powers to revoke the Defendant's release. *People v. Manibusan*, 2016 Guam 40 ¶ 17 ("[W]here the court finds that [a defendant] has willfully violated the conditions imposed on his release . . . the court may revoke the [defendant's] release.") (alteration in original) (quoting 8 GCA § 40.75(b)).

## A. DEFENDANT'S SIXTH VIOLATION

Because Defendant's first five violations were the basis of his first revocation and thus already addressed, *See* Decision & Order (Feb. 14, 2022), the Court now only addresses his most recent violation based upon his admitted use of methamphetamines:

**6th violation (filed on October 28, 2022 and addressed on November 1, 2022): The Court found Defendant committed a violation.** The Defendant failed to refrain from using/consuming illegal controlled substances. The Defendant submitted to a drug test on October 28, 2022 and the test yielded a positive result for methamphetamine. The Defendant signed a written declaration admitting to having "smoked a small amount of meth yesterday afternoon,

10/27/22." 6[th] Violation Report. The Defendant also admitted to the violation before the Court during the November hearing. *See* Hr'g Tr. at 3:19:23 PM. During the same hearing, Defendant's counsel informed the Court that Mr. Bell graduated from the Lighthouse Recovery Center ("LRC") outpatient treatment program on October 1, 2023, and that, while he was in the program and subjected to drug testing twice a week, he tested negative. *Id.* at 3:30:41 PM. However, within weeks of the graduation, Mr. Bell tested positive for methamphetamines and admitted to his use. 6[th] Violation Report (Oct. 28, 2022). This positive test result and the admission directly contradicts Defendant's motion that he "has adhered faithfully to the conditions of release."

## 1. REVOCATION OF RELEASE PENDING TRIAL IS WARRANTED UNDER THE CIRCUMSTANCES.

In order to revoke the Defendant's pretrial release, this Court must find "that there have been willful violations of his prior order . . . ."[1] During the hearing on the 6th pre-trial violation, the Court, considering that the Defendant is subject to Electronic Monitoring (EM) and house arrest conditions, determined that Defendant actively sought out and willfully decided to consume methamphetamines in direct defiance of paragraph 12 of this Court's May 24, 2022 Order of Conditional Release. In opposing any modification of his release conditions during the November motion hearing, Mr. Le stated:

> We would very much oppose any modification of Mr. Bell's conditions at this time and, if anything, [the 6[th] violation] may even warrant a revocation given that the particular violation is quite serious under the circumstances of the allegations and the fact that it was somehow ... it's unclear how Mr. Bell was able to obtain access [to the drugs] while he was on house arrest and on electronic monitoring. That is very concerning.

---

[1] Note to 8 GCA § 40.75.

*See* Hr'g Tr. at 3:23:10 PM – 3:24:01 PM.

Pretrial confinement is a severe measure reserved for exceptional circumstances. *See United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."); *See also Bell v. Wolfish*, 441 U.S. 520 (1979). As such, "[d]eterminations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should be reached in consideration of the only authorized interests, to wit, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11. When analyzing a similar federal statute, the United States Supreme Court held that "the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." *Salerno*, 481 U.S. at 750.

The People have satisfied its showing here. More importantly, the Defendant has himself established that he attributes virtually no weight to the Court's orders imposing conditions governing his behavior while he is on pre-trial release. This is especially evident considering that Defendant had a pending motion before this Court to relieve some of the restrictions of his release when he chose to consume methamphetamines merely days before his scheduled hearing. Additionally, during the previous hearing on May 12, two of the named victims expressed their concerns with Mr. Bell's continued disregard of his release conditions and that they were gravely concerned about their safety if Defendant were to be released. Min. of Hrg. on Mot. For Release (May 12, 2022). The Court also addressed the Defendant's rationalization of his prior behavior of ATM visits, purchasing a motorcycle, going to Kmart late at night purportedly to purchase a cell phone, as all related to "employment" which he argued was permitted in the original OCR

issued by the magistrate judge, but which the Court previously rejected as outside the scope of the house arrest conditions. See Dec. and Order Granting People's Ex Parte Mot. To Revoke Def.'s Pre-trial Release (Feb. 14, 2022)(the "Revocation Order"). Considering his conduct when he was previously released is appropriate in determining whether the Court should release him yet again, despite what he deems as "only one" violation since his second release.

The Defendant has been released twice in this case. Initially, Mr. Bell was released by the magistrate judge on his own recognizance, without having to post any bail or bond, or being placed on electronic monitoring or other physical limitation on his movement other than the Order of the Court. Order of Conditional Release and Appearance Bond (Aug. 2, 2021). This Court then revoked his release after the Defendant collected five pre-trial violations. Revocation Order. After much effort by Defendant and his counsel to (1) assure the court of his guaranteed future strict compliance with all terms of his release, as well as (2) securing a proper residence for his release on Electronic Monitoring *and* (3) posting as security for such release a lien on what he deemed to be both valuable and sentimental real property appraised at a sum sufficient to secure his release, Mr. Bell was released on May 24, 2022 after a hearing on May 12, during which the People and the alleged victims expressed their vehement opposition to his release.

It is noteworthy to mention that, during the May 2022 hearing, Defendant's counsel provided the following assurance regarding Mr. Bell's strict compliance with all conditions of release, stating:

> MR. GAVRAS: There simply are no guarantees in life. ... [Mr. Bell] has tasted the sting of the judicial system and he is ready to go out and understands that he must obey the conditions of his release. And if there is any question as to the terms and conditions of his release, I assure you, he's going to err on the side of the most restrictive interpretation rather than the most liberal interpretation.

COURT: Because the Court finds that, and found previously, that [the Defendant] did not interpret [the conditions of release] erring on the side of strict compliance, but rather very easily found ways around such restrictions.

MR. GAVRAS: I also add, too, Judge that at that time he really did not have counsel and he has counsel now. ... I assure the Court hat if any issue comes up, the most strict interpretation of these conditions will be met.

Hrg. of May 12, 2022 at 3:09:39 PM to 3:11:03 PM.

The Court also mandated that Defendant's treatment plan through Guam Behavioral Health and Wellness Center (GBHWC) be made a part of any release conditions. On May 13, 2022, the Comprehensive Treatment Plan was filed by GBHWC and was incorporated into the conditions of release. Id. Part of the Treatment Plan includes "abstinence from all mood-altering substance" and also "follow conditions and/or recommendations being implemented by the court." Treatment Plan at pp. 1, 2.

During the May 12 hearing, Mr. Gavras inquired about residential treatment for Mr. Bell, which was indicated through his drug and alcohol assessments. With regard to in-patient treatment at Lighthouse Recovery Center (LRC), the Court indicated that it was not inclined to allow for entry at this time without a final adjudication of the charges because it would require the removal of the Electronic Monitoring unit prior to his entry into residential treatment and LRC could not prevent Mr. Bell from absconding from the premises at his will. Id. Given the named victims' expressions of fear for their continued safety and opposition to his release, the Court would not permit removal of the EM unit unless and until there was a final disposition of the case. Id.

The Government also specifically requested that Defendant be prohibited from possessing or consuming alcoholic beverages, illegal controlled substances, intoxicants or marijuana if the Court was inclined to release him, and in this regard stated as follows:

COURT: [To Assistant Attorney General Basil O'Mallan] If the Court were to grant this particular release, are there any other conditions that the Government would like the Court to consider?

O'MALLAN: The only other conditions are the standard conditions that I'm sure would be covered in the OCR would be of course no alcohol or drugs and regular testing.

COURT: Absolutely. [To Defendant:] And standard conditions [of release] would be no drugs, no alcohol, no marijuana, no intoxicants, no inhalants, no firearms, no weapons, no ammunition, nothing of the sort. You would comply with any request for any search of your person, your residence or your vehicle; submit to any drug or alcohol testing at the request of Probation and failure to allow such testing will be considered a violation of your pre-trial release. Again, these conditions are quite stringent and have been clarified at least as far as the court is concerned based on your behavior prior to your pre-trial release revocation.

Id. at 3:34:47 PM to 3:35:37 PM. See also, Mot. Hrg. before Judge Arthur R. Barcinas on May 23, 2022 at 2:10 PM; OCR at ¶ 12 (May 24, 2022). Thus, the prohibition from consuming alcohol, illegal controlled substances or marijuana was made a material, substantial and significant condition of Mr. Bell's release.

Despite his previous desperate assurances, Defendant's admissions relating to his 6th Violation speaks volumes about his perception of the gravity of his violation, beginning with admitting that he smoked "a small amount of meth" – as though the amount he consumed was determinative of whether he complied with an order or not. Then, during the hearing, Mr. Bell's counsel argued that the Defendant violated the condition to refrain from taking illegal drugs "only once" while on release and mere weeks after his graduation from a drug treatment program. This argument completely misunderstands the weight that the Court, the People and the named victims placed upon Mr. Bell's absolute compliance (together with Defendant's pledges) with the terms and conditions of his release in May (which incorporated his treatment plan identifying abstinence

from illegal drugs). His continued release was unmistakably conditioned upon "strict compliance" with the conditions of his release and, having admitted to consuming "ice," this violation supports revoking his pre-trial release.

The Court finds that the Defendant blatantly and willfully disregarded a material condition of his pre-trial release while he was subjected to the least onerous conditions under the circumstances; therefore, Defendant's pre-trial release is hereby REVOKED pursuant to 8 GCA § 40.75(b). Defendant shall remain detained pending the adjudication of this matter.

## 2. DEFENDANT'S MOTION IS DENIED BASED UPON REVOCATION OF PRE-TRIAL RELEASE.

For the same reasons set forth above, Defendant's Motion seeking the removal or reduction of his pretrial release conditions is denied. The conditions as imposed were the least onerous available to protect his alleged victims, the community, and to prioritize his rehabilitation. Undoubtedly, the Defendant possesses a strong interest in unencumbered liberty. "But, as our cases hold, this right may, in circumstances where the government's interest is sufficiently weighty, be subordinated to the greater needs of society." *Salerno*, 481 U.S. at 750-51. This can occur "[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community . . . ." *Id.* at 751. As discussed above, the Defendant accumulated five separate violations when he was under less stringent conditions, including an incident involving the victims that made them feel unsafe. The People attest that the alleged "victims have repeatedly pronounced their continuing fear of the Defendant . . . ." People's Br. at 3.

Moreover, even with a pending request to the Court to further alleviate some of the conditions of his pre-trial release, the Defendant chose to search out and engage in illicit drug

use, which prohibition was specifically made a part of his release. The violent nature of the offenses for which the Defendant is charged, coupled with Defendant's six pretrial release violations, demonstrate a history of noncompliance with and total and willful disregard of court orders. As the Court has already revoked Mr. Bell's pre-trial release, the Motion is DENIED.

## IV.   CONCLUSION

For the reasons states above, the Court hereby **REVOKES** Defendant's Pre-trial Release Orders from May 25, 2022 and further **DENIES** Defendant's Motion. A hearing on the forfeiture of Defendant's security shall be scheduled upon Motion of the People.

The Jury Selection and Trial of this matter is scheduled for **March 22, 2023 at 9:30 AM**.

SO ORDERED this **FEB 0 2 2023**

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam